# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MONICA ABRAMS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 2:19-cv-00108-JHE |
| UNITED STATES OF AMERICA,[1] | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[2]

Plaintiff Monica Abrams ("Abrams") filed this action in the District Court of Jefferson County, Alabama (DV-20180-000128.00) on May 4, 2018. (*See* doc. 1 at 1). Abrams seeks compensatory damages based on allegations that a United States Postal Service vehicle struck her vehicle causing damage. (*Id.* at 6). On January 18, 2019, the United States removed this action to this Court and filed a motion to dismiss. (Docs. 1 & 4). That same day, the undersigned entered an order setting a deadline to respond to the motion to dismiss. (Doc. 5). That order explained that "[a]ny opposition to the motion to dismiss must be filed by February 1, 2019." (*Id.*). Abrams did not file any timely opposition to the motion. However, on February 11, 2019, Abrams submitted a sixteen-page document titled "Notice!! Treated Unfairly." (Doc. 8). Although these materials were received after the deadline, the undersigned construed Abrams' filing as a response to the motion to dismiss. (*See* doc. 10). The undersigned has read and considered Abrams' filing. For the

---

[1] The United States has been substituted as the defendant because it is the only proper defendant in this Federal Tort Claims Act case. *Federal Employees Liability Reform and Tort Compensation Act of 1988* §§ 5, 6, Pub. L. No. 100-694, 102 Stat. 4563 (1988) (codified at 28 U.S.C. § 2679).

[2] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a United States Magistrate Judge conduct any and all proceedings, including trial and the entry of final judgment. (Doc. 9).

reasons explained below, the United States' motion to dismiss (doc. 4) is **GRANTED**.

## Analysis

The United States moves to dismiss Abrams' complaint contending Abrams failed to exhaust administrative remedies, which is a jurisdictional prerequisite to bringing a lawsuit against the United States. (Doc. 4 at 1). Abrams contends that, when the collision occurred, a supervisor told Abrams she would take care of her paperwork for the damages to her vehicle. (Doc. 8 at 1). Abrams submits a police report, photographs from the accident, and a letter from the United States Postal Service regarding the accident investigation. (*Id.* at 3-13).

The United States cannot be sued, except as it consents to be sued. *Dalehite v. United States*, 346 U.S. 15, 30-31 (1953). For a damages action to proceed against the United States, there must be a clear waiver of sovereign immunity. Any such waiver must be strictly complied with, since it will define a court's subject matter jurisdiction. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 *et seq.*, is a limited waiver of the general sovereign immunity of the United States. One of the limitations is that no tort action can be instituted against the United States until an administrative tort claim has been filed with the appropriate federal agency. 28 U.S.C. § 2675(a) states:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . .

Compliance with § 2675(a) is a jurisdictional prerequisite to maintaining a lawsuit against the United States. *Lykins v. Pointer Inc.*, 725 F.2d 645, 646 (11th Cir. 1984); *Bush v. United States*, 703 F.2d 491, 494 (11th Cir. 1983); *Gregory v. Mitchell*, 634 F.2d 199, 203-04 (5th Cir. 1981).

Moreover, this jurisdictional defect cannot be cured by filing an administrative claim after filing a complaint in court. *McNeil v. United States*, 508 U.S. 106 (1993).

Abrams' allegations arising out of a motor vehicle accident allegedly caused by Calloway, an employee of the United States Postal Service (and now certified as a federal employee of the United States under 28 U.S.C. § 2679(d)(1)), resulting in alleged damage to Abrams' vehicle, sound in tort. The United States has provided the Declaration of Kimberly A. Herbst, Supervisor, Tort Claims Examiner/Adjudicator with the United States Postal Service National Tort Center, St. Louis, employed by the U.S. Postal Service in, St. Louis, Missouri. (Doc. 4 at 7-8). Supervisor Herbst attests that Abrams failed to satisfy the administrative claim requirement of 28 U.S.C. § 2675(a) because she did not file an administrative claim with the U.S. Postal Service, prior to filing this action. (Doc. 4 at 8). Because the U.S. Postal Service has not received a claim for damages regarding the allegations raised in Abrams' complaint, the requirements of the FTCA have not been met. Therefore, this Court lacks jurisdiction over Abrams' cause of action.

Abrams' submission ("Notice!! Treated Unfairly," doc. 8) does not show otherwise. The police report included in her submission indicates that the alleged collision occurred on August 4, 2016. (Doc. 8 at 11). Abrams contends that a "supervisor" at the scene provided Abrams her name and telephone number and told Abrams she (the supervisor) would take care of Abrams' paperwork for the damages to her vehicle. (*Id.* at 1). Approximately a month later, Abrams received a letter from the United States Postal Service dated September 1, 2016. (Doc. 8 at 3-5). This letter included the heading "Alabama District Tort Claims" and stated it referenced "Accident Investigation." (*Id.* at 3). The letter acknowledges Abrams' "request" and provides a claim form SF 95 – "Claim for Damage, Injury or Death." (*Id.* at 3). The letter states, in part, as follows: "In order for this claim to receive proper consideration, it is requested that you supply all material facts

3

on this form, as this will be the basis for further action on your claim." (*Id.*). The letter includes further instructions and advisories, including that "[a]ll sections of the form must be completed[,]" "DO NOT LEAVE ANY SPACES BLANK[,]" and "Failure to specify a sum certain (12d) will result in invalid presentation of your claim and may result in forfeiture of your rights." (*Id.*). Thus, although Abrams submits evidence she received this information on how to pursue an administrative claim, there is no evidence to show Abrams ever completed or filed the SF 95, or that if it was filed, it was filed correctly. Furthermore, Abrams' assertion that a supervisor at the scene said she would "take care of [Abrams'] paperwork for the damage to [her] truck[,]" does not excuse Abrams' failure to exhaust her administrative remedies. It appears the supervisor ensured that a claim was opened, and that Abrams received a letter with instructions on how to pursue her claim. There is no evidence Abrams pursued that claim any further to properly exhaust her administrative claim.

**Conclusion**

For the reasons stated above, Defendant's motion to dismiss is **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**. A separate order will be entered.

DONE this 18th day of June, 2019.

_____
**JOHN H. ENGLAND, III**
UNITED STATES MAGISTRATE JUDGE